### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SMITHEY LAW GROUP LLC** | * | |
| 706 Giddings Ave, Suite 200 | * | |
| Annapolis, MD 21401 | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Case No. _____ 1:26-cv-1552 \_\_\_\_\_ |
| | * | |
| **AMANDA WERTZ** | * | |
| 271 Palais Verde Road | * | |
| Montgomery, TX 77356 | * | |
| | * | |
| **EDWARD THOMAS BRODMERKEL** | * | |
| 3280 Lookout Lane | * | |
| Naples, FL 34112 | * | |
| | * | |
| **MARIE BRODMERKEL** | * | |
| 3280 Lookout Lane | * | |
| Naples, FL 34112 | * | |
| | * | |
| *Defendants*. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>COMPLAINT</u>

Smithey Law Group LLC ("Plaintiff" or "SLG"), by and through undersigned counsel, hereby files this Complaint against Amanda Wertz, Edward Thomas "Tom" Brodmerkel, and Marie Brodmerkel (collectively, "Defendants") for breach of contract, unjust enrichment, and detrimental reliance.

### <u>THE PARTIES</u>

1.      Plaintiff is a Maryland limited liability company with a principal place of business in Annapolis, MD 21401. Its sole member is a resident and a citizen of Maryland.

2.      Defendant Amanda Wertz ("Defendant Wertz") is a former resident of Maryland and a current resident and citizen of Texas.

3. Defendant Edward Thomas Brodmerkel ("Defendant Thomas Brodmerkel") is a former resident of Maryland and a current resident and citizen of Florida.

4. Defendant Marie Brodmerkel ("Defendant Marie Brodmerkel") is a former resident of Maryland and a current resident and citizen of Florida.

5. Defendants Thomas Brodmerkel and Defendant Marie Brodmerkel (collectively, the "Brodmerkel Defendants") are married and reside together.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendants because: (a) they transacted the business at issue in this case in Maryland, contracted for the services at issue in this case in Maryland, and caused the injury at issue in this case in Maryland by an act or omission in Maryland; (b) they purposefully availed themselves of the privilege of conducting activities in Maryland; (c) SLG's claims arise out of the activities Defendants engaged in while in or directed at Maryland; and (d) the exercise of personal jurisdiction is constitutionally reasonable.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

### *Representation Agreement*

9. SLG is a boutique law firm, focusing on labor and employment law. SLG's attorneys have won numerous awards, honors, and accolades and bring decades of experience and skill in employment and litigation matters.

10. In 2020, Defendant Wertz approached SLG to inquire about legal representation in connection with a dispute she had with Luminis Health, Anne Arundel Medical Center ("Luminis"), her former employer.

11. On or about December 18, 2020, Defendant Wertz entered into an initial representation agreement with SLG, which limited the scope of representation to communications with Luminis for purposes of settlement and any potential administrative filings. This initial agreement excluded litigation in court, which would require a higher retainer and separate representation agreement.

12. From the start of SLG's representation of Defendant Wertz, she forwarded billing information to the Brodmerkel Defendants to pay SLG's outstanding invoices, which the Brodmerkel Defendants initially paid. Defendant Wertz stated numerous times in discussions with SLG regarding billing that her parents were paying her legal bills and/or that she would speak with her father to get the outstanding invoices paid.

13. Under the initial representation agreement, SLG performed significant work on Defendant Wertz's behalf, including case development, drafting a demand letter, and engaging in numerous communications with counsel for Luminis. Nonetheless, Defendant Wertz and Luminis were not able to resolve their dispute.

14. On or about November 4, 2021, Defendant Wertz and SLG entered into a Representation Agreement (the "Representation Agreement"), pursuant to which SLG would represent Defendant Wertz in litigation against Luminis.

15. Under the Representation Agreement, among other things, Defendant Wertz agreed to pay certain hourly rates for services performed on her behalf by SLG's lawyers and charges from outside vendors, and to reimburse SLG for any disbursements made on her behalf.

16.    Defendant Wertz also agreed to pay and maintain a $10,000.00 retainer in a trust account during the representation, which SLG would apply to bills for services it rendered on Defendant Wertz's behalf. Importantly, SLG cautioned Defendant Wertz in the Representation Agreement that "the fees on the engagement may exceed the amount of the retainer," and that "not all events related to this or any other matter are predictable, and there may be circumstances particular to your matter that may have a bearing on the time and effort expended on your behalf and, thus, the fees associated with your representation."

17.    Defendant Wertz further agreed to pay SLG's invoices within 15 days of the invoice date, and any unpaid balance over 15 days would accrue interest at a rate of 6% per annum.

18.    During the course of its representation of Defendant Wertz, SLG began providing bi-monthly billing for all of its clients, including Defendant Wertz, with payment of the balance due within ten days.

### *Representation and Litigation*

19.    On or about November 4, 2021, SLG filed a lawsuit on behalf of Defendant Wertz against Luminis.  The lawsuit was filed in the Circuit Court for Anne Arundel County and was assigned case number C-02-CV-21-001533 (the "Lawsuit").

20.    SLG zealously and effectively represented Defendant Wertz during the pendency of the Lawsuit.

21.    On August 31, 2023, in advance of trial, Defendant Wertz received a trial budget letter, including a breakdown of potential fees and costs for taking this matter to trial. The letter stated the difficulty of predicting the exact costs involved, because, among other things, SLG could not predict how Luminis would proceed, including "what pre-trial motions [Luminis] may file,

how many witnesses [Luminis] may call, or what other delays may arise in the course of proceeding."

22. Beginning in August 2023 and continuing throughout the remainder of the representation, Defendant Wertz began falling significantly behind in her payment obligations to SLG, requiring SLG to ask Defendant Wertz to satisfy her outstanding invoices numerous times.

23. Defendant Wertz responded to these requests by stating that her parents, the Brodmerkel Defendants, were paying her attorneys' fees and costs and that she would speak with her parents about paying the outstanding invoices.

24. After responding to SLG's requests in August 2023 by making a payment on September 8, 2023, Defendant Wertz fell behind again in October 2023, even as SLG was preparing for a jury trial, which was initially scheduled for November 2023.

25. On October 9, 2023, SLG attended a mediation with Defendant Wertz in an attempt to resolve the matter prior to the November 2023 trial date.

26. Defendants Wertz and Thomas Brodmerkel asked that Defendant Thomas Brodmerkel be permitted to attend the mediation. SLG obtained permission from the opposing side and the mediator to allow Defendant Thomas Brodmerkel to attend. The private mediation ultimately concluded without settlement.

27. At mediation, Defendant Thomas Brodmerkel repeatedly made representations to SLG that the cost of litigation was "no big deal" because he could afford it. Indeed, he instructed SLG that Defendant Wertz did not need to accept the final settlement offer from Luminis because he and Defendant Marie Brodmerkel could afford to pay Defendant Wertz's legal fees and costs for going to trial. He even stated that Luminis picked a fight with the wrong person because he "has deep pockets, too." Defendant Thomas Brodmerkel reiterated that he and Defendant Marie

Brodmerkel had a personal interest in clearing Defendant Wertz's name and believed a trial would do so.

28.     SLG relied on Defendant Thomas Brodmerkel's representations that he and Defendant Marie Brodmerkel would cover the remaining attorneys' fees and costs for pursuing a jury trial, and continued preparing for trial following the mediation.

29.     Soon after the mediation, Luminis requested and the Court granted a postponement of the November 2023 jury trial, which was rescheduled to begin May 14, 2024. In the meantime, both parties filed numerous pre-trial motions and other filings. SLG continued to carry out its due diligence in preparing the case for trial, in addition to responding to a renewed motion for summary judgment, continuing to pursue disputes over evidence, and preparing and responding to numerous pretrial motions.

### *Falling Behind on Payment & Payment Plan*

30.     Despite promising to do so, in the months following the mediation, neither Defendant Wertz nor the Brodmerkel Defendants made any payments to bring the balance owed to SLG current or replenish the retainer to $10,000 as required under the Representation Agreement.

31.     On February 2, 2024, during a call with SLG, Defendant Wertz stated that she would speak with Defendant Thomas Brodmerkel about the overdue balances because the Brodmerkel Defendants were the ones paying the fees and costs.

32.     On February 20, 2024, after Defendants had failed to make any payments for approximately five months, and despite SLG sending numerous invoices and making repeated requests for payment, SLG issued a five-day notice of its intent to file a motion to withdraw as counsel.

33.    In response to SLG's notice of its intent to request withdrawal, Defendant Wertz emailed SLG, copying the Brodmerkel Defendants, and requested a time for a call the next day to discuss payment of the outstanding balance before the Brodmerkel Defendants returned home from visiting Defendant Wertz in Texas.

34.    On February 22, 2024, all three Defendants had a telephone conversation with SLG. During the call, the Defendants asked SLG not to request to withdraw and committed to paying both the outstanding balance owed to SLG and the retainer for an expert witness. Defendant Thomas Brodmerkel stated during the call that he wanted to move forward to trial to reach a verdict in Defendant Wertz's case.

35.    Defendant Thomas Brodmerkel asked SLG to agree to a payment plan for the Brodmerkel Defendants' payment of the outstanding balance and expert witness fees. Specifically, Defendant Thomas Brodmerkel promised SLG that the Brodmerkel Defendants would pay $10,000.00 right away and the remaining amount owed to SLG soon after.  Speaking on behalf of both himself and Defendant Marie Brodmerkel, he also promised they would pay the expert witness retainer to secure the expert for trial immediately.

36.    Defendant Thomas Brodmerkel reiterated, speaking with Defendant Marie Brodmerkel present, that the Brodmerkel Defendants would pay future attorneys' fees and expenses incurred through trial completion, stating that they had "this all covered."

37.    Although Defendant Thomas Brodmerkel primarily communicated with SLG on the phone call, Defendant Marie Brodmerkel actively participated in the call, expressed her understanding of the payment obligations of the Brodmerkel Defendants, and independently confirmed her agreement to the payment plan alongside Defendant Thomas Brodmerkel.

38.     SLG accepted the offer put forth by the Brodmerkel Defendants, under the condition that the Brodmerkel Defendants follow the plan established on the call for satisfaction of the outstanding invoices and based on confirmation that the Brodmerkel Defendants would be taking over payments for the rest of the Lawsuit.

39.     Defendant Wertz emailed Defendant Thomas Brodmerkel the instructions for payment of the expert retainer hours after the February 22, 2024 call.

40.     Upon information and belief, Defendant Thomas Brodmerkel called the expert's office to discuss the method of payment on February 23, 2024.

41.     All three Defendants then exchanged numerous emails with each other and SLG, providing SLG with confirmation that they spoke to the expert's office and that the Brodmerkel Defendants sent the payment.

42.     Specifically, on March 1, 2024, Defendant Marie Brodmerkel emailed SLG, copying Defendant Wertz and Defendant Thomas Brodmerkel, stating that a check for the expert's retainer was sent to the expert via certified mail the previous day and providing the tracking number. Additionally, Defendant Thomas Brodmerkel called SLG to provide them with the tracking number for the payment so that SLG knew he made the payment in accordance with their agreement.

43.     To hold up the other aspect of the Brodmerkel Defendants' promises in the February 22, 2024 agreement, the Brodmerkel Defendants made the following payments to SLG directly: (1) $10,000.00 on March 4, 2024; (2) $10,000.00 on March 26, 2024; and (3) $15,000.00 on April 24, 2024.

*Pre-Trial Preparation Fees Incurred*

44. Based upon the Brodmerkel Defendants' initial compliance with the February 22, 2024 agreement, SLG continued litigating the case.

45. Defendant Wertz's legal fees continued to increase as a result of the litigation. By the end of April 2024, SLG's outstanding fees for time spent on, among other things, trial preparation, ongoing disputes over evidence, and preparation for arguments on motions concerning numerous issues critical to the success of the case, had increased to more than $52,000.

46. Notably, beginning with the October 2023 mediation, and with the consent of Defendant Wertz, the Brodmerkel Defendants became highly involved in the litigation. This included making requests of SLG, including that certain work be performed by SLG attorneys with more experience, that resulted in increased attorneys' fees.

47. Indeed, on the day before trial, the Brodmerkel Defendants attended a trial preparation meeting with Defendant Wertz, making numerous requests related to SLG's handling of the trial.

48. Moreover, Defendant Thomas Brodmerkel reiterated his prior statements regarding the fact that the Brodmerkel Defendants could afford to pay Defendant Wertz's attorneys' fees and costs for a jury trial and that he had "deep pockets too."

49. As of May 13, 2024, the day before trial, outstanding invoices remained even after the Brodmerkel Defendants' payment of $15,000 on April 24, 2024. This payment did not cover all outstanding attorneys' fees, which quickly rose to more than $92,000 due to the substantial work required and the requests of Defendants to aggressively pursue the case.

*Fees Incurred During Trial*

50.     Trial of Defendant Wertz's case lasted from May 14, 2024 through May 17, 2024. At the end of trial, the jury found in Defendant Wertz's favor on one of two counts and awarded her damages.

51.     The Brodmerkel Defendants attended the trial every day and, with Defendant Wertz's consent, were heavily involved in the trial, including strategic planning and meetings before and after court.  Defendant Thomas Brodmerkel also served as a witness on his daughter's behalf during the trial.

52.     The case weighed heavily on SLG's resources. SLG was litigating the case against Luminis Health, a nationally recognized health system and million-dollar corporation, which had retained a large management-side labor and employment law firm with more than 1,100 attorneys and offices around the world. In addition, Defendant Wertz's case involved complex and novel legal issues that required extensive work from SLG's attorneys.  SLG had to shift the majority of its resources to support Defendant Wertz's representation leading up to and during the week of trial.

53.     SLG attorneys and staff put hundreds of collective hours into Defendant Wertz's case to provide high-level and zealous representation before and during the four-day jury trial. Between April 1, 2024 and the last day of trial, SLG's attorneys and paralegal staff devoted approximately 580 hours of time to the representation. At least 350 hours of that time occurred during the weeks leading up to trial and during the trial itself.

54.     SLG recorded more than 200 hours on the case between May 14-17, 2024. Despite all such time being reasonable, SLG did not bill Defendants for almost one-fourth of the time recorded as a courtesy to Defendants. Thus, for the work performed between May 14-17, 2024,

Defendants had incurred $70,379.00 in attorneys' fees, in addition to the substantial overdue bills and expert witness fees that remained outstanding going into the jury trial, which the Brodmerkel Defendants promised they would pay.

55.     On the last day of trial, May 17, 2024, after a break in proceedings and just before closing arguments, and after working 23 hours the previous day, SLG's lead trial counsel suffered a stroke, was found unconscious outside of the courthouse by a bailiff, and had to be taken to the hospital by ambulance.[1]

56.     Despite the loss of lead trial counsel on the last day, the SLG second-chair attorney delivered closing argument on behalf of Defendant Wertz and another SLG attorney who had attended prior proceedings stepped in to assist.

57.     While awaiting the verdict, Defendant Marie Brodmerkel stated that it was never about the amount of money, and that, win or lose, she and her family appreciated all of the work that SLG put into the jury trial.

58.     Ultimately, the jury returned a verdict in favor of Defendant Wertz on one of two counts and awarded her the full economic damages requested.

59.     Defendants were ecstatic with the verdict. Defendants even invited SLG attorneys to their Annapolis home to celebrate the jury's verdict.

60.     After the verdict, both of the Brodmerkel Defendants reiterated that it was "never about the money" and what was important was that a jury had determined Defendant Wertz was wrongfully terminated. Defendant Thomas Brodmerkel specifically stated that, regardless of the monetary damages awarded, the verdict alone was "a win."

---

[1] SLG's lead trial counsel has since made a full recovery.

*Refusal to Pay for Legal Services Rendered*

61.    When the litigation ended and it was time to satisfy the outstanding invoices for the legal services SLG rendered, Defendants went silent.

62.    Even prior to finalizing the invoices for the month of May 2024, SLG combed the time entries and, as a courtesy to Defendants and due to the strong relationship of trust that had developed with Defendants, SLG made significant cuts to billing entries and thereby significantly reduced the amount billed to Defendants.

63.    Following receipt of the check from Luminis for the economic damages awarded, SLG forwarded the check to Defendant Wertz. Defendant Wertz did not use any portion of the jury award to satisfy any portion of the outstanding fees.

64.    SLG tried repeatedly and for months to obtain payment on the outstanding invoices. Among other things, SLG had numerous emails, texts, and phone conversations with the Defendants to discuss payment. SLG even offered courtesy discounts and payment plans.

65.    Defendant Wertz asked SLG multiple times to send Defendant Thomas Brodmerkel any outstanding invoices, and she either copied Defendant Thomas Brodmerkel on the emails or forwarded the emails to him.

66.    Defendants did not pay what they owed.  In fact, Defendants even failed to pay the remaining fees owed to the expert witness retained to testify on Defendant Wertz's behalf, leaving SLG responsible for the expert's expenses.

67.    Beginning at the end of August 2024, at Defendant Wertz's direction, SLG began communicating directly with Defendant Thomas Brodmerkel regarding payment of the outstanding invoices. Throughout these email and telephone communications, Defendant Thomas

Brodmerkel continued to direct SLG to speak with him—not Defendant Wertz—regarding his commitment to pay the outstanding amounts owed to SLG.

68.     Defendants have failed to pay approximately ten outstanding invoices since April 1, 2024.  As of April 17, 2026, Defendants owe SLG approximately $192,833.48, including expert witness expenses and interest, which continues to accrue.

69.     The fees and expenses billed to Defendants between April 2024 and August 2024 were reasonable and represented the market value for the services Plaintiff performed on behalf of Defendant Wertz, considering the experience and accolades of SLG's attorneys, the complexity of the case, the time and attention required to properly litigate the case, and Defendants' ongoing requests for aggressive representation and work to be performed by attorneys with higher hourly rates.

70.     SLG has exhausted all efforts to negotiate with Defendants regarding final payment for the unpaid attorneys' fees and expenses of SLG between April 2024 through August 2024.

## COUNT ONE – BREACH OF CONTRACT
### (Defendant Wertz)

71.     Paragraphs 1 through 70 are incorporated by reference as if set forth in full herein.

72.     On November 4, 2021, Plaintiff and Defendant Wertz entered into the Representation Agreement, a valid and enforceable contract.

73.     Pursuant to the Representation Agreement, SLG agreed to render legal services for Defendant Wertz, and Defendant Wertz agreed to pay for all services rendered.

74.     SLG rendered exemplary legal services to Defendant Wertz between in or around December 2020 through in or around August 2024.

13

75.     Defendant Wertz, however, has failed and/or refused to pay approximately $192,833.48 due and owing to SLG, which includes fees for legal services rendered from April 2024 through August 2024, $2,699.16, unpaid trial expenses, and interest.

76.     Defendant Wertz has thus materially breached the Representation Agreement by failing to make the payments due and owing to Plaintiff.

77.     As a result of Defendant Wertz's breach of contract, Plaintiff has incurred substantial financial damages.

## COUNT TWO – BREACH OF CONTRACT
**(Brodmerkel Defendants)**

78.     Paragraphs 1 through 70 are incorporated by reference as if set forth in full herein.

79.     On or about February 22, 2024, Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel entered into a valid and enforceable oral contract with SLG.

80.     Pursuant to this oral contract, Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel agreed to bring Defendant Wertz's outstanding fees current pursuant to a payment plan in exchange for SLG continuing its representation of Defendant Wertz and not filing a request to withdraw as counsel.

81.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel also agreed to pay for all future legal services rendered by SLG on behalf of Defendant Wertz, as well as all associated expert witness costs.

82.     SLG continued to render exemplary legal services to Defendant Wertz through August 2024 in accordance with the oral contract.

83.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel, however, have failed and/or refused to pay $192,833.48 due and owing to SLG, which includes fees for legal

14

services rendered from April 2024 through August 2024, $2,699.16 in unpaid trial expenses, and interest.

84.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel have thus materially breached the oral contract with SLG by failing to make the payments due and owing to SLG.

85.     As a result of Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel's breach of contract, SLG has incurred substantial financial damages.

### COUNT THREE – BREACH OF IMPLIED-IN-FACT CONTRACT/ QUANTUM MERUIT
**(Brodmerkel Defendants)**

86.     Paragraphs 1 through 70 are incorporated by reference as if set forth in full herein.

87.     In the alternative, should this Court determine that no enforceable contract exists between SLG and Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel, or that such contract is invalid, unenforceable, or does not cover all aspects of the legal services rendered which remain unpaid, SLG seeks recovery based on a breach of an implied-in-fact contract or quantum meruit for the reasonable value of services provided.

88.     Based on the actions and conduct of the parties, an implied-in-fact contract existed between SLG and Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel. In particular, based on common understanding, the parties' conduct reflected a mutual intention to contract with each other during a phone call on February 22, 2024.

89.     Pursuant to this implied-in-fact contract, SLG agreed to continue rendering legal services to Defendant Wertz, and Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel agreed to pay the customary price for those services.

90.     The fees and expenses billed or charged to Defendants between April 2024 and August 2024 were reasonable and represented the market value for such services, considering the

15

experience and accolades of SLG's attorneys, the complexity of the case, the time and attention required to properly litigate the case, and Defendants' ongoing requests for aggressive representation and work to be performed by attorneys with higher hourly rates.

91. SLG continued to provide legal services to Defendant Wertz under circumstances that indicated SLG expected to be paid for those services.

92. Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel knew that SLG expected to be paid by them for such services, and Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel expected to pay SLG for such services. Indeed, Defendant Thomas Brodmerkel and/or Defendant Marie Brodmerkel made multiple payments to SLG for its legal services and costs.

93. Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel have failed and/or refused to pay both the reasonable, customary, market value of SLG's services for services rendered between April 2024 and August 2024, which totaled $171,623.76 (not including interest that has accrued), and trial expenses in the amount of $2,699.16.

94. Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel have thus materially breached the implied-in-fact contract.

95. As a result of Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel's breach, SLG has incurred substantial financial damages. Specifically, $192,833.48 due and owing to SLG, which includes fees for legal services rendered from April 2024 through August 2024, $2,699.16 in unpaid trial expenses, and interest.

## COUNT FOUR – DETRIMENTAL RELIANCE
### (Brodmerkel Defendants)

96. Paragraphs 1 through 70 are incorporated by reference as if set forth in full herein.

16

97.     In the alternative, should this Court determine that no enforceable contract exists between SLG and Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel, or that such contract is invalid, unenforceable, or does not cover all aspects of the legal services rendered which remain unpaid, SLG seeks recovery based on detrimental reliance.

98.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel made a clear and definite promise to SLG to pay for legal services rendered for Defendant Wertz.

99.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel reasonably expected their promise to induce SLG to continue providing legal services for Defendant Wertz through and after the Lawsuit.

100.     Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel's promise induced SLG's actual and reasonable action to continue providing legal services for Defendant Wertz through and after the Lawsuit.

101.     As a result of SLG's reasonable reliance on Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel's promise, it has suffered a significant detriment of uncompensated work and unreimbursed expenses totaling $192,833.48, which includes fees for legal services rendered from April 2024 through August 2024, $2,699.16 in unpaid trial expenses, and interest.

102.     This resulting detriment can only be avoided by enforcing Defendant Thomas Brodmerkel and Defendant Marie Brodmerkel's promise to pay SLG for the legal services rendered for Defendant Wertz through and after the Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and award Plaintiff the following relief:

(a)    Actual damages caused by Defendants in an amount in excess of $75,000 to be proven at trial;

(b)    Pre-judgment and post-judgment interest;

(c)    Costs of this proceeding; and

(d)    All other relief as may be necessary and proper.


Respectfully submitted,

*/s/ Kaitlin A. O'Dowd*
Strider L. Dickson, Federal Bar No. 27157
Kaitlin A. O'Dowd, Federal Bar No. 31123
McAllister, DeTar, Showalter & Walker, LLC
706 Giddings Ave, Suite 305
Annapolis, MD 21401
Phone: (410) 934-3902
Facsimile: (410) 934-3933
sdickson@mdswlaw.com
kodowd@mdswlaw.com

*Attorneys for Plaintiff*